**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VENTURA DIAZ LEON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 17-cv-03371-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; VACATING HEARING ON MOTION TO DISMISS; AND CONFIRMING INITIAL CASE MANAGEMENT DATE OF NOVEMBER 30, 2017**<br><br>[Re: ECF 9] |

　　　　Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss the complaint filed by Plaintiff Ventura Diaz Leon ("Leon") under Federal Rule of Civil Procedure 12(b)(6), asserting that all claims are time-barred. The Court VACATES the hearing set for November 30, 2017 and GRANTS the motion with leave to amend. The Initial Case Management Conference set for November 30, 2017 at 11:00 a.m. remains on calendar.

**I.　BACKGROUND**

　　　　Leon was employed by Wells Fargo Bank for approximately thirty-six years, from June 1976 until his termination in October 2012. Compl. ¶¶ 3-5, ECF 1. At the time of termination, Leon was a bank manager. *Id.* ¶ 3. The reason given for termination was Leon's failure to meet performance goals. *Id.* ¶¶ 5-6. However, Leon alleges that the performance goals in question would have required him to open an arbitrary number of new accounts. *Id.* ¶ 6. Wells Fargo required its employees to open accounts in addition to its customers' primary accounts. *Id.* ¶ 7. Leon contacted Wells Fargo's ethics hotline to advise that customers were complaining about receiving credit cards and new accounts which they had not requested. *Id.* Leon also "refused to abuse his customers." *Id.* ¶ 13. "He would not open unasked for accounts for his customers"; "[h]e did not push express send accounts"; and "[h]e did not obtain credit cards for customers who he knew would not be able to make the high interest-rate payments." *Id.*

Leon filed suit against Wells Fargo in the Santa Cruz County Superior Court on April 20, 2017, asserting claims for (1) breach of employment contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) wrongful termination in violation of public policy. Compl., ECF 1. Wells Fargo removed the action to federal district court on the basis of diversity of citizenship. Notice of Removal, ECF 1.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where it is apparent on the face of the complaint that the limitations period has run, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion. *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). "This is true even though expiration of the limitations period is an affirmative defense." *Belete v. Oaks Corner*, No. 16-CV-04850-JCS, 2016 WL 6393510, at *4 (N.D. Cal. Oct. 28, 2016).

## III. DISCUSSION

Wells Fargo argues that all of Leon's claims are time-barred under the applicable limitations periods. A federal court sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law, including the applicable statute of limitations. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008 (9th Cir. 2011). "Where, as here, parties do not address choice-of-law issues, California courts presumptively apply California law." *Id.* Under California law, Leon's claims for breach of contract (Claim 1) and breach of the implied covenant of good faith and fair dealing (Claim 2) are subject to a four-year limitations period to the extent they are based on a written contract, *see* Cal. Civ. P. Code § 337, or a two-year limitations period to the extent they are based on an oral contract, *see* Cal. Civ. P. Code § 339. His claim for wrongful termination (Claim 3) is subject to a two-year limitations period. *See* Cal.

Civ. P. Code § 335.1; *Nehrlich v. JLW-TW Corp.*, No. 15-CV-00521-BAS(BLM), 2016 WL 127584, at *5 (S.D. Cal. Jan. 11, 2016) ("[C]ourts now apply California Code of Civil Procedure section 335.1, which provides for a two year statute of limitations, to actions for wrongful termination against public policy.").

In employment cases, claims for breach of contract, breach of the implied covenant, and wrongful termination in violation of public policy generally accrue on the date of termination. *See Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 490, 503 (1996). Leon alleges that he was terminated on October 9, 2012, and he did not file suit until four and a half years later, on April 20, 2017. Accordingly, it appears on the face of the complaint that all applicable limitations periods expired before he filed suit. Leon argues that his claims are timely under the following doctrines: (1) the delayed discovery rule; (2) equitable estoppel; (3) equitable tolling; and (4) fraudulent concealment.

Delayed Discovery

"An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Id.* at 809. Leon alleges that he did not understand that he had been terminated as part of a larger, unlawful scheme until August and September 2016 when the scope of Wells Fargo's malfeasance was made public. Compl. ¶¶ 10-12.

Leon's allegations regarding the August and September 2016 revelations are insufficient to implicate the delayed discovery rule in light of his allegations showing that he knew he had been fired for refusing to "abuse" his customers. Compl. ¶ 13. The fact that he later learned that the pressure brought to bear on him to engage in unethical behavior was part of a broader scheme does not render his knowledge at the time of termination insufficient to trigger accrual of his claims. *See Barton v. New United Motor Mfg., Inc.*, 43 Cal. App. 4th 1200, 1209 (1996) (refusing to apply

3

delayed discovery rule where plaintiff knew that he had "suffered actual and appreciable harm when he was terminated" and asserted only that he "did not fully understand 'the dimensions' of his wrongful termination" until years later). The Court notes that the August and September 2016 revelations occurred *within* the four-year limitations period and thus could not support delayed accrual as to his claims based on breach of written contract in any event.

Equitable Estoppel

"Equitable estoppel . . . comes into play only after the limitations period has run and addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003). Leon has not alleged any facts showing that Wells Fargo induced him into forbearing suit within the applicable limitations periods. Indeed, it appears from the complaint and exhibits attached thereto that Leon first informed Wells Fargo of his intent to sue only after all applicable limitations periods expired. *See* November 2016 Letter, Exh. A to Compl., ECF 1.

Equitable Tolling

The doctrine of equitable tolling "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (internal quotation marks, citations, and brackets omitted). Leon has not alleged that he pursued an alternate legal remedy to bringing this lawsuit.

Fraudulent Concealment

Under the fraudulent concealment doctrine, "the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." *Britton v. Girardi*, 235 Cal. App. 4th 721, 734 (2015) (internal quotation marks and citation omitted). "To take advantage of this doctrine the plaintiff must show the substantive elements of fraud and an excuse for late discovery of the facts." *Id.* (internal quotation marks, citation, and alterations omitted). Leon has alleged neither fraud nor an excuse for late discovery given his allegations showing that he knew he was fired for refusing to engage in unethical conduct.

4

Conclusion

Leon has not alleged facts showing application of any of the doctrines which he asserts render his claims timely. To the contrary, he alleges that "[i]n refusing to act in violation of his ethical obligations to customers, LEON could not meet the arbitrary and inflated performance goals, and as a result he was terminated from employment." Compl. ¶ 13, ECF 1. He alleges further that "[h]e was fired for trying to do the right thing," and that he was terminated "despite the fact that, acting as bank manager, LEON's branches suffered no losses, great audits, and great consumer satisfaction." *Id.* Given those allegations as well as the allegations discussed above, it appears that Leon possessed all facts necessary to assert his claims at the time of termination. However, the Court will grant him one opportunity to amend his pleading to allege facts showing that his claims are timely under one or more of the doctrines discussed above.

**IV. ORDER**

(1) Wells Fargo's motion to dismiss is GRANTED WITH LEAVE TO AMEND;

(2) The hearing on the motion to dismiss set for November 30, 2017 is VACATED;

(3) Any amended pleading shall be filed on or before December 12, 2017;

(4) Leave to amend is granted only as to the defects alleged herein – Leon may not add new claims or parties without express leave of the Court; and

(5) The Initial Case Management Conference set for November 30, 2017 remains on calendar.

Dated: November 21, 2017

BETH LABSON FREEMAN
United States District Judge