**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VENTURA DIAZ LEON,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 17-cv-03371-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE**<br><br>[Re: ECF 32] |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss the first amended complaint ("FAC") filed by Plaintiff Ventura Diaz Leon ("Leon") under Federal Rule of Civil Procedure 12(b)(6), asserting that all claims are time-barred.

The motion is GRANTED. The FAC is DISMISSED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

**I.   BACKGROUND[1]**

Leon was employed by Wells Fargo for approximately thirty-six years, from June 1976 until his termination in October 2012. FAC ¶¶ 3-4, ECF 29. He began as bank teller and worked his way up to positions as bank manager at branches in Watsonville, Carmel, Capitola, Santa Cruz, and North Salinas. FAC ¶ 4. He held the title of Pajaro Valley Store Manager when he was fired. FAC ¶ 6.

---

[1] The background facts are taken from the allegations of the FAC, which are accepted as true for purposes of Wells Fargo's Rule 12(b)(6) motions. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

In 2010, Wells Fargo changed its employee evaluation practice, increasing the importance of sales from 50% to 75% of the evaluation. FAC ¶ 5. Leon was directed by his district manager to open 3,000 "express send accounts" by the end of 2011. FAC ¶ 8. Express send accounts are used to transfer funds to individual recipients in Mexico and other countries. *Id.* Leon objected to the target of 3,000 new express send accounts, after which the district manager threatened to fire Leon and his entire staff if he did not comply. *Id.*

Customers began to complain to Leon about receiving credit cards and new bank accounts that they had not requested. FAC ¶ 8. Leon reported those complaints to Wells Fargo's ethics hotline. *Id.* Other Wells Fargo employees commonly falsified customers' financial information to qualify the customers for credit cards they could not afford. *Id.* "LEON understood that the additional accounts opened by his subordinates for many customers were unnecessary and would never be used." FAC ¶ 9. The additional accounts also caused customers to incur additional bank charges and adversely affected the customers' credit scores by increasing the ratio of credit obligations to earnings. *Id.*

Wells Fargo put pressure on thousands of its employees to engage in unethical conduct. FAC ¶ 14. "However, LEON refused to abuse his customers." *Id.* "He would not open unasked-for accounts for his customers." *Id.* "He did not push express send accounts." *Id.* "He did not obtain credit cards for customers who he knew would not be able to make the high interest-rate payments." *Id.* "In refusing to act in violation of his ethical obligations to customers and Wells Fargo, LEON did not meet the arbitrary and inflated performance goals, and as a result he was terminated from employment." *Id.* Leon alleges that although the reason given was failure to meet performance goals, FAC ¶¶ 6-7, he actually "was fired for trying to do the right thing," FAC ¶ 14.

Although Leon was fired in October 2012, he did not file this lawsuit until April 2017. At that time, he sued Wells Fargo in the Santa Cruz County Superior Court, asserting claims for (1) breach of employment contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) wrongful termination in violation of public policy. Compl., ECF 1. Wells Fargo removed the action to federal district court on the basis of diversity of citizenship. Notice of

Removal, ECF 1. This Court granted Wells Fargo's motion to dismiss the complaint with leave to amend, concluding that it appeared on the face of the complaint that all claims were barred by the applicable statutes of limitations. Order Granting Motion to Dismiss, ECF 25. Leave to amend was expressly limited to the defects addressed in the Court's order; Leon was directed not to add new claims or parties without express leave of the Court. *Id.* at 5.

Leon filed the operative FAC on December 11, 2017, asserting the same three claims set forth in the original complaint and adding an unauthorized fourth claim for fraudulent concealment without first obtaining leave of the Court. FAC, ECF 29. Additionally, Leon has added allegations about a new party, Wells Fargo & Company, although he has not amended the caption of his pleading or sought leave of the Court to add a defendant. Leon alleges that: "Plaintiff is now informed and believes, and thereon alleges, that Wells Fargo & Company is DOE ONE." FAC ¶ 2. Leon alleges further that "Wells Fargo & Company is a citizen of California according to its bylaws," and that "Plaintiff too is a citizen of California." FAC ¶ 3. In light of the new allegations regarding Wells Fargo & Company, the Court issued an order prior to the hearing, directing the parties to be prepared to discuss the issue of diversity jurisdiction. The Court heard argument on both the jurisdictional and Rule 12(b)(6) issues on June 14, 2018.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where it is apparent on the face of the complaint that the limitations period has run, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). "This is true even though expiration of the limitations period is an affirmative defense." *Belete v. Oaks Corner*, No. 16-CV-04850-JCS, 2016 WL 6393510, at *4 (N.D. Cal. Oct. 28, 2016).

**III. DISCUSSION**

**A. Diversity Jurisdiction**

Although the issue of subject matter jurisdiction is not raised by Wells Fargo, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). This Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

At the hearing, Wells Fargo correctly pointed out that Leon has neither added Wells Fargo & Company as a defendant in the caption of the complaint nor sought leave of the Court to add Wells Fargo & Company as a party as required by the Court's order dismissing the original complaint. Under those circumstances, the Court finds that Wells Fargo & Company is not a party to the action at this time.

Even if Leon had filed a motion to join Wells Fargo & Company as a defendant, the Court would have denied such motion. Leon asserts that Wells Fargo & Company is a citizen of California. FAC ¶ 3. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In exercising its discretion under § 1447(e), the district court considers a number of factors, including whether there has been an unexplained delay in requesting joinder and whether the party sought to be joined is needed for just adjudication. *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). Leon has offered no explanation why he waited more than seven months after filing suit before seeking to add Wells Fargo & Company, nor has he explained why Wells Fargo & Company is necessary for adjudication of his claims.

Because the only defendant properly named in this action is Wells Fargo Bank, N.A., a citizen of South Dakota, and Plaintiff is a citizen of California, the Court is satisfied that it has subject matter jurisdiction based on diversity of citizenship.

4

**B. Statute of Limitations**

Wells Fargo seeks dismissal of all of Leon's claims on the basis that they are time-barred under the applicable limitations periods. A federal court sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law, including the applicable statute of limitations. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008 (9th Cir. 2011). "Where, as here, parties do not address choice-of-law issues, California courts presumptively apply California law." *Id.*

### 1. Claims 1-3

Under California law, Leon's claims for breach of contract (Claim 1) and breach of the implied covenant of good faith and fair dealing (Claim 2) are subject to a four-year limitations period to the extent they are based on a written contract, *see* Cal. Civ. P. Code § 337, or a two-year limitations period to the extent they are based on an oral contract, *see* Cal. Civ. P. Code § 339. His claim for wrongful termination (Claim 3) is subject to a two-year limitations period. *See* Cal. Civ. P. Code § 335.1; *Nehrlich v. JLW-TW Corp.*, No. 15-CV-00521-BAS(BLM), 2016 WL 127584, at *5 (S.D. Cal. Jan. 11, 2016) ("[C]ourts now apply California Code of Civil Procedure section 335.1, which provides for a two year statute of limitations, to actions for wrongful termination against public policy.").

"A plaintiff must bring a claim within the limitations period after accrual of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005). "Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." *Id.* (internal quotation marks and citation omitted). "The Supreme Court of California has made clear that when an employee alleges breach of contract based on a wrongful termination, the statute of limitations runs from the employee's last date of employment." *Rich v. Shrader*, 823 F.3d 1205, 1208 (9th Cir. 2016); *see also Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 490, 503 (1996) (claims for breach of contract, breach of the implied covenant, and wrongful termination in violation of public policy accrued on date of termination). Leon's contract and wrongful termination claims therefore accrued on the date of his termination, October 9, 2012. *See* FAC ¶¶ 6-7 (alleging termination effective October 9, 2012). He did not file suit until four

5

1  and a half years later, on April 20, 2017. *See* Exh. A to Notice of Removal, ECF 1 (state court
2  complaint filed April 20, 2017). It thus appears on the face of Leon's pleadings that the
3  limitations periods for Claims 1, 2, and 3 expired before Leon filed suit.

Leon argues that the accrual of those claim was delayed under California's delayed discovery rule. The discovery rule is "[a]n important exception to the general rule of accrual, in that it "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox*, 35 Cal. 4th at 807. "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." *Id.* That does not mean that accrual is delayed until "the plaintiffs suspect facts supporting each specific legal element of a particular cause of action." *Id.* Instead, the court "look[s] to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." *Id.*

"In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808 (internal quotation marks, citation , and alterations omitted). "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show diligence." *Id.* (internal quotation marks and citation omitted). Conclusory allegations are insufficient. *Id.*

Leon attempts to meet this standard by alleging that although he considered the tactics that Wells Fargo required of him to be abusive of customers, he did not realize that Wells Fargo's conduct rose to the level of illegal activity until the Department of Labor hearings in the summer of 2016 brought Wells Fargo's widespread illegal practices to light. FAC ¶ 15. It was only then, Leon asserts, that he discovered that "he was an unheralded victim of WFB's criminal activities." *Id.* Where an individual otherwise has no reason to believe that he or she has been injured by another's conduct, information disseminated in public media may trigger accrual of a claim. *See, e.g., Bekins v. AstraZeneca Pharm. LP*, No. 17-55461, 2018 WL 3153135, at *2 (9th Cir. June 28, 2018) ("Bekins had no reason to believe that AstraZeneca's PPI class of pharmaceuticals – or any other wrongful cause, for that matter – caused her kidney failure" prior to viewing a television

commercial identifying the link between her medication and kidney disease). In the present case, however, Leon's own allegations in the FAC show that he knew at the time of his termination that he had been fired for refusing to engage in unethical conduct.

Leon's attempt to draw a bright line between his admitted knowledge that Wells Fargo's conduct was "unethical" and his later-acquired knowledge that Wells Fargo's conduct crossed the line into "illegal" does not appear to be supported by the case law. Leon's knowledge that he had been fired for refusing to engage in unethical conduct was sufficient to put him on at least inquiry notice that his termination arose from "a type of wrongdoing" on the part of Wells Fargo. *See Fox*, 35 Cal. 4th at 807. Leon's counsel suggested at the hearing that even if he had investigated, Leon would not have been able to uncover the scope of Wells Fargo's criminal scheme. However, accrual of a claim is not delayed until the plaintiff understands the full scope of the defendant's wrongdoing. *See Barton v. New United Motor Mfg., Inc.*, 43 Cal. App. 4th 1200, 1209 (1996) (refusing to apply delayed discovery rule where plaintiff knew that he had "suffered actual and appreciable harm when he was terminated" and asserted only that he "did not fully understand 'the dimensions' of his wrongful termination" until years later). Had Leon consulted a lawyer after his termination, he would have discovered that Wells Fargo's conduct was actionable.

The Court notes that Leon's counsel stated at the hearing that Leon did consult a lawyer within the applicable limitations periods, but did not pursue the investigation because of the expense. While Leon's claims are subject to dismissal even absent this admission, the fact that Leon actually began and abandoned an investigation of his claims during the limitations period is inconsistent with his current assertion of delayed discovery and, in fact, shows that he had reason to believe he had been illegally fired.

At the hearing, Leon's counsel contrasted the conduct of his client, who refused to abuse bank customers, with the publicly acknowledged and widespread misconduct of Wells Fargo. The Court does not disagree with counsel's characterization of Wells Fargo's actions. However, "[t]he question in this case is not whether plaintiff has stated a cause of action, but whether his complaint was timely filed." *Barton*, 43 Cal. App. 4th at 1205 (1996). Based on the facts alleged in the FAC, it was not.

7

The motion to dismiss is GRANTED as to Claims 1-3.

### 2. Claim 4

Leon did not seek leave to add a claim for fraudulent concealment (Claim 4). That claim therefore is not properly before the Court and is subject to dismissal on that basis.

Even if it were to consider the claim on the merits, the Court would find dismissal appropriate. A fraud claim is governed by a three-year limitations period. *See* Cal. Civ. P. Code § 338(d). The claim accrues upon "the discovery, by the aggrieved party, of the facts constituting the fraud." *Id.* Leon alleges that Wells Fargo concealed "a nationwide, secret criminal conspiracy" consisting of actions such as "[o]pening accounts without the knowledge, request, or consent of customers" and "[i]ssuing credit cards without the knowledge, request, or consent of customers." FAC ¶ 42. However, it appears on the face of the complaint that Leon was aware of this conduct prior to his termination. Accordingly, any fraud claim arising out of the described conduct is time-barred.

It appears that Leon may be attempting to assert not only a freestanding fraud claim, but also the doctrine of fraudulent concealment as a basis for delayed discovery of his other claims. The doctrine of fraudulent concealment can provide a basis for tolling a statute of limitations in certain circumstances. *Britton v. Girardi*, 235 Cal. App. 4th 721, 734 (2015). "The ground of relief is that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." *Id.* (internal quotation marks, citation, and alterations omitted). "To take advantage of this doctrine the plaintiff must show the substantive elements of fraud and an excuse for late discovery of the facts." *Id.* (internal quotation marks, citation, and alterations omitted). For the reasons discussed above, Leon was on at least inquiry notice of the facts underlying his claims at the time of his termination and therefore he has not demonstrated an excuse for late discovery of those facts.

The motion to dismiss is GRANTED as to Claim 4.

### C. Leave to Amend

Having determined that Plaintiff's claims are subject to dismissal, the Court must decide

whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). The Court finds no undue delay (factor 1) or bad faith (factor 2). However, despite the Court's prior order dismissing the original complaint with guidance regarding amendment, Leon still has not alleged a viable claim (factor 3). Granting further opportunity to amend would impose undue prejudice on Wells Fargo (factor 4) where it appears that amendment would be futile (factor 5).

Accordingly, the motions are granted WITHOUT LEAVE TO AMEND.

## IV. ORDER

For the reasons discussed above, Wells Fargo's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

Dated: July 19, 2018

BETH LABSON FREEMAN
United States District Judge